Our File No.   WH-49-CM
FISHMAN MCINTYRE BERKELEY LEVINE SAMANSKY, P.C.
120 Eagle Rock Avenue
East Hanover, New Jersey 07936
Tel: (973) 560-9000
Fax: (973) 560-0060
Attorneys for Defendants, Amazon.Com Services, Inc. d/b/a Whole Foods Market and Whole Food
Market Group, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK PLINIO | : |
| | : |
| Plaintiffs, | : |
| | : |
| -vs- | : CIVIL ACTION NO. |
| | : |
| AMAZON.COM SERVICES, INC., a foreign: | |
| Corporation doing business in the State of | : |
| New Jersey as WHOLE FOODS MARKET, | : |
| WHOLE FOODS MARKET GROUP, INC., | : |
| a business entity, JOHN DOES 1-10 fictitious : | |
| individuals, and ABC COS. 1-10 fictitious | : |
| business entities | : |
| | : |
| Defendants. | : |
| | : |

**PETITION FOR REMOVAL**

Petitioner, Amazon.Com Services, Inc. d/b/a Whole Foods Market and Whole Food Market

Group, Inc., by its attorneys, Fishman McIntyre Berkeley Levine Samansky, P.C., respectfully

petitions the United States District Court for the District of New Jersey as follows:

1.      Amazon.Com Services, Inc. d/b/a Whole Foods Market and Whole Food Market

Group, Inc., first received a copy of the Complaint on or about January 7, 2020 through their registered

agent.

2.      This case was commenced on December 31, 2019 in the Superior Court of New

Jersey, Law Division, Middlesex County Suit is identified in the Superior Court as <u>Plinio, Mark v.</u>

Amazon.Com Services, Inc. d/b/a Whole Foods Market, Docket No. L-8645-19. (See Exhibit A)

3.     The filing of this Petition for Removal is timely because it is filed within thirty days of the date Amazon.Com Services, Inc. d/b/a Whole Foods Market and Whole Food Market Group, Inc., first received notice of the lawsuit.

4.     The plaintiff's Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, asserts damages of a non-specified amount.  Plaintiff, Mark Plinio, alleges he sustained personal injuries when she slipped and fell on a wet, dangerous, and hazardous condition on the floor and suffered great pain of mind and body. As such, Amazon.Com Services, Inc. d/b/a Whole Foods Market and Whole Food Market Group, Inc., believes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Amazon.Com Services, Inc. d/b/a Whole Foods Market and Whole Food Market Group, Inc., is informed and believes that Plaintiff, Mark Plinio, is an individual citizen of the State of New Jersey. Defendant/petitioner, Whole Foods Market and Whole Food Market Group, Inc., is incorporated in the State of Delaware and its principal place of business is in the State of Texas.  The action is therefore between citizens and a corporation of other states.

6.     Defendant/petitioner, Amazon.Com Services, Inc. d/b/a Whole Foods Market, is incorporated in the State of Delaware and its principal place of business is in the State of Washington. The action is therefore between citizens and a corporation of other states.

7.     Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, Amazon.Com Services, Inc. d/b/a Whole Foods Market and Whole Food Market Group, Inc., defendants in the action described herein, which is currently pending in the Superior Court of the State of New Jersey, Law Division, Middlesex County, Docket No. L-8645-19, prays that this action be removed therefrom to this Court.

DATED:   January 9, 2020

                                      Amazon.Com Services, Inc. d/b/a Whole Foods
                                        Market and Whole Food Market Group, Inc.

                                        BY:_____
                                            Christopher E. McIntyre, Esq.

     I certify that a true copy of the Complaint filed in the Superior Court of the State of New Jersey, County of Middlesex, along with a copy of the Summons issued to this defendant, is annexed hereto as Exhibit A.

                                        BY:_____
                                            Christopher E. McIntyre, Esq.

# EXHIBIT A

**STATHIS & LEONARDIS LLC**
32 South Main Street
Edison, New Jersey 08837
(732) 494–0600 File No.: 19-4518NJL
Attorney for Plaintiff
Nicholas J. Leonardis NJBI 009651992

---

| | |
|---|---|
| **MARK PLINIO**, an individual, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION – MIDDLESEX COUNTY |
| Plaintiff, | : DOCKET NO. |
| | : |
| v. | : |
| | : *Civil Action* |
| **AMAZON.COM SERVICES, INC.,** | : |
| a foreign corporation doing business in | : Complaint & Jury Demand |
| the State of New Jersey as WHOLE | : |
| FOODS MARKET; **WHOLE FOODS** | : |
| **MARKET GROUP, INC.,** a business | : |
| entity; **JOHN DOES 1-10**, fictitious | : |
| individuals; and,. **ABC COS. 1-10**, | : |
| fictitious business entities, | : |
| | : |
| Defendants. | : |
| | : |

---

Plaintiff, Mark Plinio, residing 82 Haytown Road in the Borough of Lebanon, County of Hunterdon, and State of New Jersey, by way Complaint against the defendants does say:–

## VENUE

Venue is properly laid in Middlesex County, New Jersey, as defendants

Amazon.Com Services, Inc. and Whole Foods Market Group, Inc. both do business throughout the United States, in every State and in every county, including Middlesex County where Defendant, Amazon.Com Services, Inc. has established a distribution Center in Edison NJ and Defendant, Whole Foods Market Group, Inc. have a Whole Foods store located in Metuchen NJ. On information and belief, Amazon.Com Services, Inc. has merged and/or taken over Whole Foods Market Group, Inc. and its various Whole Foods Stores.

### FIRST COUNT

1.     On or about September 10, 2018, the Defendants, Amazon.Com Services, Inc. and/or Whole Foods Market Group, Inc. and/or John Does (1-2) and/or ABC Cos. (1-2), individually and d/b/a Whole Foods were the owners and/or management and actually in control of certain business premises commonly known as Whole Foods Market located at 348 Harrison Avenue in Boston, MA.

2.     Defendants,   John Does (1-2) and/or ABC Cos. (1-2) who represent fictitiously named individuals and/or business entities, and who either solely, or, along with Defendants, Amazon.Com Services, Inc. and/or Whole Foods Market Group, Inc., were responsible for the ownership and/or management of the premises in question and were doing business as Whole Foods Market, 348 Harrison Avenue, Boston, MA.

3.      Defendants, John Does (3-6) and/or ABC Cos. (3-6) represent fictitiously named individuals and/or business entities who, either    soley, or, along with Defendants aforesaid,   were responsible for the maintenance, inspection, cleaning, supervision, control, management, and general maintenance of the premises in question and more particularly the floors located within the premises commonly known as Whole Foods Market, 348 Harrison Avenue, Boston MA.

4.      On or about September 10, 2018,. the Plaintiff, Mark Plinio, was a patron and business invitee at the Whole Foods Market as recited above, and was walking in a reasonable and prudent manner at said premises, when he was suddenly caused to slip and fall on what was later learned to be a wet, dangerous, and hazardous condition on the floors at the premises.

5.      The Defendants aforesaid,   individually and/or through their respective agents, servants, and/or employees John Does (3-6) and ABC Cos. (3-6) were negligent in failing to properly maintain, inspect, clean, repair, supervise, control, and/or manage the premises in question such that they permitted a dangerous and hazardous condition to exist on its floor after the respective defendants knew or should have known of the existence of said dangerous and hazardous conditions.

6.      The above referenced defendants were further negligent in failing to properly notify and/or warn its customers, including the Plaintiff, Mark Plinio, of the

existence of said dangerous and hazardous condition after the Defendants knew or reasonable should have known of the existence of said dangerous and hazardous condition and that such condition created a hazard to its customers and business invitees, including the Plaintiff, Mark Plinio.

7.    As a direct and proximate result of the aforesaid carelessness and negligence of the Defendants as referenced above, and the ensuing fall, the Plaintiff, Mark Plinio, was caused to slip and fall, and as a direct and proximate result thereof, suffered great pain of mind and body and will continue to so suffer in the future. He has been prevented from attending his normal and usual activities and affairs and has been otherwise damaged. He has incurred medical and hospital expenses in an attempt to cure himself of said injuries and will incur future medical and hospital expenses due to the permanent nature of the injuries sustained.

WHEREFORE, the Plaintiff, Mark Plinio, does hereby demand judgment against the Defendants, Amazon.Com Services, Inc. and/or Whole Foods Market Group, Inc. and/or John Does 1-6, jointly and severally for:

      a.  Compensatory damages;
      b.  Medical expenses;
      c.  Reasonable attorney's fees;
      d.  Interest and costs of suit; and,
      e.  For such other relief as the Court may deem appropriate.

## SECOND COUNT

1.      Plaintiff does hereby repeat and reallege each and every paragraph of the First Count as if same was set forth herein at length.

2.)      John Does (7-10) and ABC Cos. (7-10) represent fictitiously named individuals and/or business entities who had an ownership and/or management interest in the premises in question and/or who were responsible for the maintenance, inspection, supervision, control, management, cleaning, and/or repairing of the premises in question. To date, the names of these individuals and/or entities are presently unknown to the Plaintiff.

3.)      The Plaintiff does hereby reserve his right to amend the within Complaint to implead the names of these individuals and/or business entities should their names and/or liability of same be revealed during the normal course of discovery.

**WHEREFORE**, the Plaintiff, Mark Plinio, does hereby demand judgment against the Defendants, John Does 7-10 and/or ABC Cos. 7-10, jointly and severally for:

  a.  Compensatory damages;
  b.  Medical expenses;
  c.  Reasonable attorney's fees;
  d.  Interest and costs of suit; and,
  e.  For such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff does hereby demand a trial by jury of six (6) persons on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Nicholas J. Leonardis, Esq. is hereby designated as trial counsel.

## DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

Plaintiff hereby demands certified answers to Uniform Interrogatories C, C(2) and the Supplemental Interrogatories served herewith within sixty (60) days of the filing of Defendants' Answers to this Complaint, and responses to the Notice to Produce included herein within fifthly (50) days of the filing of Defendants' Answers.

STATHIS & LEONARDIS LLC
Attorneys for Plaintiff

By: _____
        NICHOLAS J. LEONARDIS

DATED: *Dec 31*      2019

## CERTIFICATION

It is hereby certified that to the best, present knowledge of Counsel for Plaintiff, that the matter in controversy which is the subject of this litigation involving the named

parties hereto, is not the subject matter of controversy in any other pending litigation or arbitration proceeding, and to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated.

    To the best of my knowledge, information and belief, there may be other parties to be joined in this action, who are named herein as "John Does" and "ABC Cos.," and I recognize my continuing obligation to file and serve on all parties and the Court an amended certification if there is a change in the facts herein.

    I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                        NICHOLAS J. LEONARDIS

DATED: _Dec 31_      , 2019

## SUPPLEMENTAL INTERROGATORIES

S1.    State whether defendant or anyone on defendant's behalf has made or caused to be made any surveillance photographs, videotapes, movies or other recordings of the plaintiff since the date of the incident and if so, please state the date(s) upon which such surveillance photographs, videotapes, movies or other recordings were made, the name and address of the person taking or making such surveillance photographs, videotapes, movies or other recordings, what each surveillance photographs, videotapes, movies or other recordings depict.  Pursuant to the Rules of Court, this interrogatory is deemed to be continuing and plaintiff shall rely upon your answer to this interrogatory at the time of trial.

S2.    State whether this defendant occupied the premises where plaintiff's incident occurred as of the date of plaintiff's incident.

S3.    If this defendant, did not own or occupy the premises where plaintiff's incident occurred as of the date of the plaintiff's incident, please state the name and address of the person, firm and/or corporation who did own and/or occupy the premises where plaintiff's incident occurred as of the date of plaintiff's incident.

S4.    State whether this defendant conducted any business on the premises where plaintiff's incident occurred as of the date of plaintiff's incident, and if so, set forth in detail and with particularity and specificity the nature of the business conducted.

S5.    State the names and addresses of any and all persons known to you or to your attorney who actually witnessed the incident complained of, or assisted the plaintiff(s) at the premises after the incident.

S6.    State the names and addresses of the individual and/or entity who was in charge of the maintenance, supervision and in control of the area in question.

S7.    State whether any inspections, testing, alterations, repairs, modifications, etc. were performed on the area in question within two (2) years prior to, or two (2) years subsequent to the incident in question.  If so, please state the name and address of the individual and/or entity that performed said repairs or maintenance, and describe in detail, the repairs and/or maintenance performed and all results.

S8.    State whether an incident report was prepared in connection with the incident alleged in the Complaint.  If so, attach a true copy of the incident report.

S9.    Were any inspections, care, maintenance, cleaning, etc. performed on or at the premises within thirty (30) days prior to, or thirty (30) days subsequent to the incident in question?

S10.    If the answer to the preceding interrogatory is in the affirmative, please state the name, address and job title of the person who performed the inspections, care, maintenance, cleaning, etc., and attach true copies of all records and reports in regard to the inspections, care, maintenance, cleaning, etc.

## NOTICE TO PRODUCE

1. All records of maintenance, cleaning, and inspections for the period of 08/01/2018-11/30/2018.

2. Names and addresses of any and all employees present at the accident site on the date of the accident, their job title, and functions performed.

3. Any and all incident report concerning this accident.

4. Any and all video surveillance and/or photographs of the accident location for the one (1) hour period prior to, up, and through one (1) hour subsequent to the accident in question.

5. Names of any and all witnesses and people with knowledge of Plaintiff and/or Plaintiff's fall.

6. All police reports, incident reports, accident reports and/or other investigation report relating to the subject accident and/or injury.

7. All medical records, emergency room records, hospital records, medical reports, offices notes, chart notes, test results and other documents relating in any way to the injuries alleged by plaintiff as a result of the accident giving rise to the subject lawsuit.

8. All statements obtained from the party serving this Notice to Produce.

9. All statements obtained by any party from any other party to the within litigation.

10. All statements obtained by any party from any non-party witness.

11. All documents which reflect the name and address of each person from whom a statement was obtained, and any documents that reflect or relate in any way to the identity of the person present at the time of the taking of the statement and/or relating to the date on which the statement was taken.

12. **Prints** (not photocopies or emails) of all photographs, movies, videos or recordings of any kind which are alleged to be related in any way either to the accident, the injuries alleged by the plaintiff or any tangible object relevant to the litigation.

13. The amounts of any and all insurance coverage covering the defendant, including, but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

14. Each set of Interrogatories answered by any party to this litigation, and copies of all responses made to those Interrogatories, including amendments, attachments and supplements thereto.

15. The reports of all experts retained by any party to this litigation, whether or not provided in Answers to Interrogatories or by way of amendment thereto.

16. All documents obtained by any party pursuant to a medical authorization executed by the plaintiff.

17. A copy of any written statement and a transcription of any electronically recorded statement given by any representative of defendant to any insurance company, investigation company, insurance investigator, insurance adjuster, claims representative or any other representative of any insurance company, said statement relating to the incident which is the subject matter of this lawsuit.

18. Any film, videotape, movie, surveillance tape, photograph or recording depicting the plaintiff taken by, and/or at the direction of, and/or at the expense of either defendant and/or defendant's insurance carrier and/or defendant's attorneys, regardless whether defendant intends to introduce said films, videotape, etc. at trial depicting the accident location for one (1) hour prior to, up, and through one (1) hour subsequent to the accident in question.

19. Report, notes, diary, log, bills, invoices of any investigation and/or photographer retained by defendant and/or defendant's insurer and/or defendant's attorney to conduct surveillance on or of the plaintiff.

20. Copies of any and all purchase agreements, maintenance agreements and/or repair agreements entered into between this defendant and any other individual and/or entity responsible for the manufacturing, maintenance, repair, inspection, cleaning, supervision and/or control of the premises in question.

21. Copies of all maintenance, inspection, cleaning, repair and/or supervision records for the location where the accident occurred for the period thirty (30) days prior to, up, and through thirty (30) days subsequent to the accident in question.

22. Copies of any and all documentation, including but not limited to, any contracts between the owner of the property involved in this incident and any other party involved in this matter.

23. Copies of any and all documentation concerning any lease agreements between the lesser and the lessee concerning the incident in question.

24.  Copies of any and all documentation, including, but not limited to, safety manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect, or, otherwise relate to the incident in question or any potential defense to the action in question.

25.  Copies of any and all permits applied for by the parties to the action in question concerning either the product in question, the accident scene, or, anything else relevant to the happening of the accident in question.

26.  Copies of any and all permits received by the parties to the action in question concerning either the product in question, the accident scene, or, anything else relevant to the happening of the accident in question.

27.  Copies of any and all reports on the plaintiff received by the defendants or any other party to this suit, from either Central Index Bureau (CIB) or from any other source.

28.  Copies of any and all reports and/or other investigations performed by OSHA or any other investigative authority.

29.  Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

30.   Any and all policies and procedures, whether written, electronic, audiovisual, or audio recorded, regarding this defendant's/these defendants' maintenance, inspection, supervision, and/or repair of this defendant's/these defendants' premises which were in effect on the date of this incident, including but not limited to, including but not limited to customer and pedestrian walkways and areas, parking lots, sidewalks, and entrances and exits and/or the area of Plaintiff's fall.

31.  At least twenty-five (25) days prior to any and all independent medical examinations of Plaintiff scheduled by defense or on behalf of the defense  by his/her attorney or carrier, provide to Plaintiff's counsel any and all intake forms that said examining doctor will require.  Plaintiff reserves the right to audiotape the complete medical examination, including questioning by the doctor and/or his staff.  Plaintiff further reserves the right to have a third person, as a representative of the Plaintiff, attend the medical examination, and record the medical examination (by audio or note taking), but will, in no way, interfere, or in any way participate in the medical examination.   Failure to advise counsel of any objection thereto, will result in a motion to bar testify filed with the Court.

32.  Within thirty (30) days of Plaintiff's defense independent medical examination, produce a copy of all notes taken by the independent medical examining doctor and his staff if the independent medical examining doctor, or his staff takes notes.

Destruction of the notes will constitute spoliation of evidence.   All available remedies for spoliation of evidence by the examining doctor, will be pursued by the Plaintiff.

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-008645-19

Case Caption: PLINIO MARK  VS AMAZON.COM
SERVICES, INC.

Case Initiation Date: 12/31/2019

Attorney Name: NICHOLAS J LEONARDIS

Firm Name: STATHIS & LEONARDIS

Address: 32 SOUTH MAIN STREET

EDISON NJ 088370000

Phone: 7324940600

Name of Party: PLAINTIFF : PLINIO, MARK

Name of Defendant's Primary Insurance Company

(if known): Gallagher Bassett

Case Type: PERSONAL INJURY

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

Are sexual abuse claims alleged? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/31/2019
Dated

/s/ NICHOLAS J LEONARDIS
Signed

## SUMMONS

| | | |
|---|---|---|
| Attorney(s) | STATHIS & LEONARDIS LLC | |
| Office Address | NICHOLAS J. LEONARDIS #009651992 | |
| | 32 SO MAIN STREET | |
| Town, State, Zip Code | EDISON NJ 08837 | |
| Telephone Number | (732) 494-0600 | |
| Attorney(s) for Plaintiff | File: 19-4518NJL | |

**Superior Court of New Jersey**

| | |
|---|---|
| Middlesex | COUNTY |
| Law | DIVISION |

Docket No: MID L 008645-19

MARK PLINIO, etc.,

Plaintiff(s)

Vs.
AMAZON.COM SERVICES, INC., et al,

Defendant(s)

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED: 01/02/2020

Name of Defendant to Be Served: WHOLE FOODS MARKET GROUP, INC. c/o Corp Trust Co

Address of Defendant to Be Served: 820 Bear Tavern Rd., West Trenton NJ 08628

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

         DATE:    DECEMBER 31, 2019
         RE:      PLINIO MARK  VS AMAZON.COM SERVICES,  INC.
         DOCKET: MID L -008645 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DENNIS NIEVES

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (732) 645-4300.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                   ATTENTION:
                          ATT: NICHOLAS J. LEONARDIS
                          STATHIS & LEONARDIS
                          32 SOUTH MAIN STREET
                          EDISON      .    NJ 08837

ECOURTS