NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MARK PLINIO, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM SERVICES, INC. d/b/a WHOLE FOODS MARKET *et al.*, <br><br> Defendants. | Civ. No. 20-440 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Transfer (ECF No. 5) filed by Defendants Amazon.Com Services, Inc. d/b/a Whole Foods Market and Whole Foods Market Group, Inc. (collectively, "Defendants") (ECF No. 5) under 28 U.S.C. § 1404(a). The Court has decided this matter based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' Motion to Transfer is granted.

## BACKGROUND

This is a slip-and-fall negligence case. (*See* Compl. ¶¶ 4–7, Ex. A, ECF No. 1.) Plaintiff alleges that, on or about September 10, 2018, while he was shopping at a Whole Foods Market in Boston, Massachusetts, he slipped on a "wet, dangerous, and hazardous condition" on the floor. (*Id.* ¶ 4.) Plaintiff alleges that, as a result of Defendants' negligence, he "suffered great pain of mind and body and will continue to so suffer in the future." (*Id.* ¶ 7.) Plaintiff also alleges that "[h]e has been prevented from attending his normal and usual activities and affairs and has been

1

otherwise damaged" and "has incurred medical and hospital expenses in an attempt to cure himself of said injuries and will incur future medical and hospital expenses due to the permanent nature of the injuries sustained." (*Id.*)

Plaintiff filed the Complaint in New Jersey Superior Court on December 31, 2019. (*See* Compl. at 1.) On January 14, 2020, Defendants Amazon.Com Services, Inc. d/b/a Whole Foods Market and Whole Foods Market Group, Inc. (collectively, "Defendants") removed this case on the basis of this Court's diversity jurisdiction. (Notice of Removal ¶¶ 4–6, ECF No. 1.)

On February 7, 2020, Defendants filed a Motion to Transfer this case to the U.S. District Court for the District of Massachusetts or, in the alternative, dismiss the case under the doctrine of *forum non conveniens*. (ECF No. 5.) On February 24, 2020, Plaintiff filed an Opposition, arguing that this Court does not have subject-matter jurisdiction and that this case should be remanded to the New Jersey Superior Court instead of being transferred to the District of Massachusetts. (Opp'n at 5–6, ECF No. 7.) On March 2, 2020, Defendants filed a Reply. (ECF No. 10.) The Motion to Transfer is presently before the Court.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. The decision to transfer a case under § 1404(a) rests within the sound discretion of the court. *In re United States*, 273 F.3d 380, 387 (3d Cir. 2001) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)).

When considering motions to transfer under § 1404(a), courts evaluate the "private interests" and "public interests" implicated by the statute. "Private interests" include (1) plaintiff's original choice of venue; (2) defendant's preference as to forum; (3) where the claim

arose; (4) convenience to the parties in light of their financial and physical condition; (5) convenience to the witnesses, "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and (6) the location of books and records. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). "Public interests" include (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) potential congestion in the two fora; (4) "the local interest in deciding local controversies at home"; (5) public policies of the fora; and (6) the familiarity of the judge with applicable state law in diversity cases. *Id.* at 879–80 (citations omitted). While "[t]he burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer," *Shutte*, 431 F.2d at 25, the moving party is "not required to show 'truly compelling circumstances for . . . change . . . [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district,'" *In re United States*, 273 F.3d at 388 (citing *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995)).

## DISCUSSION

**I.  Subject-Matter Jurisdiction**

The Court first addresses Plaintiff's contention that this Court does not have subject-matter jurisdiction and must remand this case to the New Jersey Superior Court. Federal district courts have subject-matter jurisdiction on the basis of diversity of the parties when the action arises between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff argues that the amount in controversy in this case does not exceed $75,000. (Opp'n at 5.) In support of this argument, Plaintiff points to Defendants' pre-litigation settlement offer of less than $75,000 and Plaintiff's pre-litigation demand of exactly $75,000. (*Id.* at 5–6.)

Where jurisdictional facts are not in dispute, the court analyzes whether the jurisdictional amount is met with "legal certainty." *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007). If the complaint "specifically avers that the amount sought is less than the jurisdictional minimum," a defendant "seeking removal must prove to a legal certainty that [the] plaintiff can recover the jurisdictional amount." *Id.* at 196–97. If the "plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," however, then "the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Id.* at 197. "The party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Id.* at 193 (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

The jurisdictional facts here are not in dispute. Defendants' removal "is premised entirely on Plaintiff's factual allegations and legal claims." *See Briggs v. Target Corp.*, 2015 WL 1145127, at *3 (D.N.J. Mar. 13, 2015). Moreover, Plaintiff has not specifically averred in the Complaint that the amount in controversy is less than the jurisdictional threshold. Therefore, the Court must determine whether, to a legal certainty, the Plaintiff cannot recover the requisite jurisdictional amount.

The Court is unable to say to a legal certainty that Plaintiff cannot recover over $75,000. In the Complaint, Plaintiff alleged that, as a result of Defendants' negligence, he "suffered great pain of mind and body and will continue to so suffer in the future," "[h]e has been prevented from attending his normal and usual activities and affairs and has been otherwise damaged," and "[h]e has incurred medical and hospital expenses in an attempt to cure himself of said injuries and will incur future medical and hospital expenses due to the permanent nature of the injuries

sustained." (Compl. ¶ 7.) Defendants submit that Plaintiff was treated by at least three health providers after the alleged incident. (Defs.' Br. at 1, ECF No. 5-1.) Courts in this district have found that "allegations of serious injuries in addition to pain and suffering indicate that the amount in controversy exceeds $75,000." *Briggs*, 2015 WL 1145127, at *4 (citing *Avant v. J.C. Penny*, 2007 WL 1791621, at *2 n.3 (D.N.J. June 19, 2007); *Clark v. J.C. Penny*, 2009 WL 1564175, at *3–4 (D.N.J. June 1, 2009) (concluding that, where the plaintiff sought compensatory damages for severe injuries, medical expenses, and loss of earnings, the court could not say to a legal certainty that the plaintiff could not recover more than $75,000)). Based on Plaintiff's alleged injuries, it is possible that Plaintiff could recover more than $75,000.

Plaintiff argues that his pre-litigation demand of $75,000 and Defendants' pre-litigation offers of less than $75,000 demonstrate that this case does not belong in federal court. (*See* Opp'n at 5–6.) These proposed settlement offers, however, have no bearing on whether Plaintiff can recover over $75,000 for the purposes of subject-matter jurisdiction. "Under the time-of-filing rule, 'federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed' . . . ." *Montilus v. Munoz*, 2009 WL 3246609, at *3 (D.N.J. Oct. 6, 2009) (quoting *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009)). Moreover, settlement offers are not reflections of maximum potential recoveries; they are reflections of parties' conceptions of the range of potential compromises. Therefore, Plaintiff's argument is unavailing. Because Defendants have satisfied their burden of showing that this Court has subject-matter jurisdiction, the Court will not remand this case to the New Jersey Superior Court.

**II.     Transfer**

As a threshold matter, a court assessing a motion to transfer "must make a determination that the suit could have been rightly started in the transferee district." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970) (citation omitted). Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). This case could have initially been filed in the District of Massachusetts because Plaintiff's slip-and-fall incident occurred in Boston, Massachusetts, thereby satisfying the threshold inquiry required under 28 U.S.C. § 1404(a).

On balance, private interest factors weigh in favor of transferring this case to the District of Massachusetts. Plaintiff's original choice of venue was New Jersey. Plaintiff sold his home in New Jersey before this lawsuit, but he avers that he is currently a dual resident of Massachusetts and New Jersey and that he and his family live with other relatives in New Jersey. (Defs.' Br. at 4; Opp'n at 1–2.) However, a "plaintiff's forum choice is given less deference where the operative events giving rise to the complaint did not occur in a plaintiff's chosen district." *Foster v. Marriott Resort Hosp. Grp.*, 2018 WL 3360763, at *2 (D.N.J. Jul. 10, 2018). Defendants prefer litigating this case in Massachusetts and the location of records related to the incident, including documents related to the maintenance of the premises at issue and Plaintiff's medical records, are located in Massachusetts. (*See* Defs.' Br. at 12.)  Furthermore, transfer to the District of Massachusetts would be more convenient for potential witnesses. Most, if not all, of the Boston store's employees, including managers with knowledge of store policies and maintenance protocols, are likely based in Massachusetts. (*See id.*) Most potential customer witnesses also likely live in Massachusetts. (*Id.* at 1.) Plaintiff received medical treatment from at least three medical providers in Massachusetts. (*Id.* at 12.) Plaintiff travels back and forth from

Massachusetts to New Jersey regularly and, at the time of his Opposition, was employed in Boston. (Opp'n at 1–2.) For these reasons, the private interests of Defendants and witnesses to litigate this case in Massachusetts outweigh Plaintiff's preference for New Jersey.

Public interests also weigh in favor of transferring this case to the District of Massachusetts. Transferring this case to where most, if not all, witnesses and discovery documents are based will lower the expenses and increase the efficiency of this litigation. Moreover, Massachusetts has an interest in settling local controversies—particularly those involving Massachusetts substantive law—at home. *See Foster*, 2018 WL 3360763, at *3 (granting a motion to transfer to the Middle District of Florida in part because "a Florida court will be more familiar with Florida negligence law" and "[c]ourt decisions applying Florida law impact Florida citizens"). The principles cited by the court in *Foster* apply with equal force here. Therefore, public interests weigh in favor of transferring this case to the District of Massachusetts.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Transfer (ECF No. 5) is granted. An appropriate Order will follow.

Date: <u>April 8, 2020</u>                                                       <u>*/s/ Anne E. Thompson*</u>
                                                                                            ANNE E. THOMPSON, U.S.D.J.